**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58349-6-II |
| Respondent, | |
| v. | |
| MARSHALL LORNE MITTELSTAEDT, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Property owners called police when their security cameras detected people cutting a gate and entering their property in a truck. The property was only partially fenced, with at least one gap in the fence that a person could walk through, and partially bordered by blackberry brambles. Police arrested Marshall Lorne Mittelstaedt after finding him inside a truck parked in the property's driveway. The State charged Mittelstaedt with second degree burglary and a jury convicted him.

Mittelstaedt appeals his conviction. He argues, and the State concedes, that there was insufficient evidence to convict him of second degree burglary because the property was not completely enclosed. We accept the State's concession, reverse Mittelstaedt's conviction, and dismiss with prejudice.

FACTS

Property owners set up game cameras to monitor a house that was uninhabited after a fire. The property had solid wood fences on the southern and eastern borders. Dense blackberry

brambles bordered the western side of the property. A U-shaped driveway looped around the property, with both exits on the north side of the property; to deter trespassers, the owners blocked both ends of the driveway with metal cattle panels. The panels across the driveway had gates that were chained and padlocked shut. But the western of the two gates had a side passage next to it that a person could walk through without opening the gate.

After several break-ins, the property owners installed motion-sensitive game cameras that sent photos to the owners' cellphones when the cameras detected movement. Early one morning in April 2022, the cameras sent the property owners photos of intruders cutting the chain on one of the padlocked gates. The owners called police and went to the property. When the owners arrived, they saw a truck behind the cattle panel fence and several people moving around on the property. Two men were in a truck on the property, and police arrested them.

The State charged Mittelstaedt with second degree burglary. At a jury trial, witnesses testified consistent with the facts above. One of the property owners acknowledged that the cattle panel fence had a "gap" that a person could walk through. Verbatim Rep. of Proc. at 219. And a police officer testified that he entered the property by walking through a gap next to a gate, without needing to open the gate. Another officer testified that he entered the property through the east gate, which had had its chain cut, but that there was a passage next to the west gate where a person could enter the property without opening the gate.

The jury convicted Mittelstaedt of second degree burglary. The trial court imposed an exceptional downward sentence of 24 months because Mittelstaedt never entered the house, nothing was actually removed from the property, and the facts of the case more closely resembled a trespass than a burglary.

No. 58349-6-II

Mittelstaedt appeals his conviction.[1]

ANALYSIS

Mittelstaedt argues, and the State concedes, that the State presented insufficient evidence to convict him of second degree burglary. The parties agree that the passage next to the western gate meant the property's yard and driveway were not completely enclosed, "and thus not a building" within the meaning of the second degree burglary statute. Br. of Appellant at 13; Br. of Resp't at 12-13. We accept the State's concession.

When reviewing a challenge to the sufficiency of the evidence, "we view the evidence in the light most favorable to the prosecution and ask whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Wentz*, 149 Wn.2d 342, 347, 68 P.3d 282 (2003).

A person commits second degree burglary "if, with intent to commit a crime against a person or property therein, [they] enter[] or remain[] unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1). For the purposes of the burglary statute, a "building" includes a "fenced area" that encloses a building's curtilage. RCW 9A.04.110(5); *Wentz*, 149 Wn.2d at 350. But in order for entering the area to constitute a burglary, the area must be "completely enclosed either by fencing alone or . . . a combination of fencing and other structures." *State v. Engel*, 166 Wn.2d 572, 580, 210 P.3d 1007 (2009).

For example, the defendant in *Wentz* climbed a six-foot-tall solid wood fence that surrounded a backyard and allowed access only through two padlocked gates. 149 Wn.2d at 352. The Supreme Court affirmed Wentz's conviction for first degree burglary because the security of

---

[1] The State initially cross-appealed but then withdrew its cross-appeal.

the backyard caused it to fall within the ordinary meaning of "a fenced area, and therefore a 'building.'" *Id*. In contrast, a defendant who stole wheels from a business yard that was only one-third fenced, but otherwise bordered by steep hills and difficult terrain, did not commit second degree burglary because the yard was not completely enclosed. *Engel*, 166 Wn.2d at 575, 580-81.

Here, several witnesses testified that the property was not completely fenced but instead partially bordered by blackberry brambles, and there was at least one gap in the cattle panel fence that was large enough and easy for a person to walk through without opening any gate. As such, the area was not "completely enclosed" by fencing or other structures. *Id*. at 580. Thus, no reasonable jury could have found that Mittelstaedt unlawfully entered a "building" as needed to convict him for second degree burglary. We accept the State's concession and reverse.

Mittelstaedt also challenges the trial court's refusal to give a lesser included offense instruction and the imposition of the crime victim penalty assessment. Because we reverse the conviction, we need not reach these issues.

## CONCLUSION

We accept the State's concession, reverse Mittelstaedt's conviction, and dismiss with prejudice.

This court, on its own motion, accelerates the mandate. The mandate will issue two days after this opinion is filed unless one of the parties objects in writing.

No. 58349-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Cruser, C.J.

Price, J.